UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY ORANTE,<br><br>    Petitioner,<br><br>    v.<br><br>WARREN MONTGOMERY, Warden,<br><br>    Respondent. | NO. CV 14-7602-DMG (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

    Petitioner argues that his counsel could not have had a tactical reason for failing to object to admission of Petitioner's statements in his police interview because the "prosecution's case depended almost entirely upon admission of that confession." (Objections at 7.)

"'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009) (citation omitted). A petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (citation omitted). Petitioner is required to show that "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

Petitioner has failed to make the requisite showing of deficiency. Contrary to Petitioner's argument, defense counsel could reasonably conclude the prosecution had sufficient evidence of first degree murder without Petitioner's statements. Manning, the victim's neighbor, identified Petitioner as one of two men who entered the building after Manning and her mother opened the door, and who knocked on the victim's door on the night of the killing. (LD 2 at 647, 650-53, 656.) Manning identified Petitioner in a photographic lineup. (*Id.* at 660-61.) Another neighbor, Hun, corroborated Manning's testimony and identified Petitioner in a photographic lineup. (*Id.* at 664, 667-70.) Carlos Figueroa, originally Petitioner's co-defendant, testified that he and Petitioner hung out together almost every day. (*Id.* at 1223, 1226-28.) On the date of the incident, October 10, 2010, he and Petitioner saw in the L.A. Weekly an advertisement for a woman who described herself as hot and sexy. (*Id.* at 1235-36.) Petitioner, who did not have a phone, used Figueroa's cell phone to call the woman's number. A friend dropped them off in front of the woman's apartment complex. They followed two women who opened the door into the complex and went to the

woman's apartment. (*Id.* at 1237, 1239, 1241, 1276.) After discussing price, the woman gave them both oral sex. Petitioner was first. (*Id.* at 1279-80.) After both were finished, Figueroa got dressed and was ready to leave. Petitioner and the woman were talking loudly. Figueroa looked back. He saw Petitioner grab the woman from behind and put his arm around her neck like a headlock. They stumbled to the floor. Figueroa saw Petitioner stabbing her in the neck.[1] (*Id.* at 1284-86, 1288-90.) The deputy medical examiner testified that the victim had 22 stab wounds. (*Id.* at 1258, 1271, 1273.) A jury could reasonably infer that Petitioner used his own knife because the victim's sister testified that the victim did not keep any knives in the house, including knives for cooking or eating, and police found no knives in the apartment. (*Id.* at 928, 1247, 1249-50.)

Faced with this evidence, defense counsel could reasonably conclude he needed Petitioner's statements to police to argue for voluntary manslaughter. Petitioner's statements indicated the victim wanted more money, the victim reached for his pockets and the two struggled. Defense counsel argued that Petitioner reasonably believed he had to protect himself against being robbed but exceeded his right to do so. Defense counsel argued these facts amounted to imperfect self defense and voluntary manslaughter, not murder. (*Id.* at 1845-46.) Petitioner's statements to police constituted the only evidence in the record that could support imperfect self defense. Petitioner's objections are overruled.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: September 17, 2015

_____
DOLLY M. GEE
United States District Judge

---

[1] Afterwards, Petitioner asked Figueroa to help move the body to the bathtub. (LD 2 at 1292-94.)

3